Filed Nov. 3, 1891.

———◆———

No. 13,293.

The Mississinewa Mining Company *v.* Patton et al.

Pleading.—*Misjoinder of Parties.—Demurrer.*—In an action by a wife for damages for the destruction of her property caused by the negligence of the defendant, where the name of the husband appears in the caption of the complaint as plaintiff, but is not mentioned in the body of the complaint, and no attempt is made to state a joint cause of action, the name of the husband in the caption will be regarded as surplusage, and the complaint is not bad on demurrer for failure to present a good cause of action in favor of both plaintiffs.

Same.—*Negligence.*—A complaint which charges negligence in general terms is good on demurrer.

Negligence.—*Natural Gas Company.—Escape of Gas from Mains.—Duty to Public.*—A natural gas company which has its mains and pipes laid in the streets of a town owes a duty to the citizens and property-owners to use reasonable and ordinary care in so planting its pipes and mains as to prevent the escape of gas therefrom in such quantities as to become dangerous to life and property.

From the Grant Circuit Court.

*C. E. Shipley,* for appellant.

*W. H. H. Carroll* and *G. H. Dean,* for appellees.

Miller, J.—The appellee Cora M. Patton brought this

action against the appellant to recover damages alleged to have been caused by the negligence of the appellant.

In the caption of her complaint the name of her husband appears as a co-plaintiff, but in the body of the complaint no mention is made of him in any manner. The property alleged to have been destroyed is averred to be her property, and no attempt is made to state a joint cause of action. Under the circumstances we must regard the name of the husband in the caption as surplusage, and hold that the complaint is not bad on demurrer for failure to present a good cause of action in favor of both plaintiffs, under the rule laid down in *Berkshire* v. *Shultz*, 25 Ind. 523, and cases following it. See, also, *Stewart* v. *Babbs*, 120 Ind. 568.

The complaint is in a single paragraph, and charges that the plaintiff was the owner of a dwelling house and lot in the town of Marion ; that the house was of the value of $1,250, and that it contained personal property belonging to her of the value of $750 ; that the defendant was a corporation, organized under the laws of Indiana, being engaged in furnishing natural gas for fuel and light to the citizens of Marion, having and owning mains and pipes laid in the streets of said town, so carelessly laid and constructed said pipes and gas mains as to allow and permit such gas to flow and escape from its line of pipe through which such natural gas was being conducted over, upon, through, and into plaintiff's lot aforesaid, and into the dwelling aforesaid, and to accumulate therein in such quantity that the same came in contact with a lighted lamp therein, without the fault of plaintiffs, and exploded, and set fire to and destroyed the building and its contents, without any fault of the plaintiff, to her damage in the sum of $2,000.

A demurrer was overruled to this complaint, and the ruling is assigned as error.

The first objection to the complaint pointed out in the brief of counsel is that it does not show that the defendant

owed the plaintiff any duty of which negligence of the defendant could be considered a breach.

The complaint is not very full or specific in its statement of the acts of negligence of which the defendant was guilty, or of the manner in which the plaintiff was injured, but it does show that the plaintiff owned a lot in the town, and that the defendant had its mains and pipes laid in the streets of the town. This we think is sufficient to show that the defendant owed a duty to the property-owners of the town to use reasonable and ordinary care in so planting its pipes and mains as to prevent the escape of gas therefrom in such quantities as to become dangerous to life and property. This duty the defendant owed to the community in virtue of its occupancy of the public streets which belonged to the community, for its own special and extraordinary use in conducting an article which we know to be " in a high degree inflammable and explosive." *Jamieson* v. *Indiana, etc., Co.,* 128 Ind. 555.

In *Sisk* v. *Crump,* 112 Ind. 504, it is said : " There can, as a general rule, be no action, although there is negligence, unless the party guilty of negligence was under some duty to the person who sustains the injury. While it is essential that the defendant should be under some duty to the plaintiff, it is not essential that the duty should be directly owing to him as an individual. A defendant who owes a duty to the community owes it, as a general rule, to every member of the community, and if any member suffers a special injury from a breach of that duty, an action will lie."

The liability of gas companies for damages occasioned by leakage from their pipes and mains has been frequently recognized by the courts. *Ormslaer* v. *Philadelphia Co.,* 31 Fed. Rep. 354 ; *Emerson* v. *Lowell, etc., Co.,* 3 Allen, 410.

It is also objected that the complaint does not show how the gas was conducted from the leak in the main to the

house. As has been observed, the allegations of the complaint are not full and specific, and if a motion to make the pleading more specific, definite, and certain, had been filed and overruled, as was the case in *Cincinnati, etc., R. R. Co.* v. *Chester,* 57 Ind. 297, we would feel called upon to reverse the judgment; but it has many times been held that a complaint is good on demurrer which charges negligence in general terms. *Deller* v. *Hofferberth,* 127 Ind. 414; *Town of Rushville* v. *Adams,* 107 Ind. 475; *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind. 160; *Louisville, etc., R. R. Co.* v. *Krinning,* 87 Ind. 351; *Cincinnati, etc., R. R. Co.* v. *Chester, supra.*

We can not know that natural gas will not pass under the soil from a street main to a house in sufficient quantities to cause an explosion, and therefore can not take notice that the complaint charges an impossibility.

We are also of the opinion that the complaint sufficiently alleges that the injury to the property of the plaintiff occurred without her fault or negligence.

Holding, as we do, that the complaint was not subject to demurrer, and no other question being discussed by counsel in their brief, the judgment is affirmed, with costs.

Filed Nov. 3, 1891.