Filed December 10, 1895.

---

No. 1,711.

## Indiana Natural Gas and Oil Co. *v.* Jones et al.

EVIDENCE.—*Presumption.—Natural Gas.—Injury to Premises*—It will not be presumed in the absence of evidence, that natural gas cannot be conducted through pipes without injury to the premises through which it passes.

NATURAL GAS.—*Damages.—Future Losses by Fire and Explosions.— Eminent Domain.—Condemnation Proceedings.*—Damages cannot be allowed for probable future losses by fire and explosions as independent items, disconnected from the diminished value of land, in proceedings to condemn the same for laying pipes to convey natural gas.

SAME.— *Instructions to Jury.—Invading Province of Jury.—Condemnation Proceedings.*—An instruction that natural gas is highly inflammable and liable to explode, and that in considering the damages to be assessed for land condemned to lay pipes to convey such gas, the jury may consider the probability of injuries from fire or explosions which may result from the ordinary, careful, and prudent operation of the pipe line, invades the province of the jury in assuming that there will be a probability of accidents with the best of care.

From the Howard Circuit Court.

*Winfield & Taber*, for appellant.

*Branyan & Branyan, Morrison & Holman* and *Blacklidge, Shirley & Moon*, for appellees.

REINHARD, J.— Appellant instituted separate condemnation proceedings against the appellees for the purpose of laying pipes to convey natural gas through their lands. Appraisers were duly appointed by the Grant Circuit Court, who made an award in each case to which appellees filed exceptions. By change of venue the causes were transferred to the Howard Circuit Court, and there the appellees filed amended exceptions. The causes having been consolidated by agreement, there was a trial by jury, and a verdict in favor of each of the appellees, assessing the damages largely in excess of the amount awarded by the appraisers.

Many errors are relied upon, but in view of the conclusion we have reached, the solution of most of these will become unnecessary.

On the trial of the cause the court, at the request of the appellees, charged the jury as follows:

"In cases of this kind it is presumed that the company will put in and maintain a pipe line, in a reasonably prudent and careful manner, but natural gas is a highly inflammable substance, and liable to explode; so in this case, in considering the damages to be assessed, you may take into consideration the probability of injuries from fire or explosions, which may result from the ordinary, prudent and careful operation of the pipe line."

In another instruction the court charged the jury as follows:

"All damages to which defendants are legally entitled

must be recovered in proceedings of this character in one action, for successive actions cannot be maintained. In considering the question as to the amount the defendants should recover you should include not only damages for the injuries to the land resulting from putting in a pipe line, but also all damages which will probably result from the careful and reasonably prudent maintenance of the same in the future."

It is true that courts take judicial knowledge of the fact that natural gas is a highly inflammable and explosive substance. *Jamieson* v. *Ind. Nat. Gas and Oil Co.*, 128 Ind. 555 (12 L. R. A. 652); *Mississinewa Mining Co.* v. *Patton*, 129 Ind. 472. Hence, the first part of the first instruction as above set forth is correct, at least as an abstract proposition of law. But that there is any "probability of injuries from fire or explosions, which may result from the ordinary, prudent and careful operation of the pipe lines," we are not prepared to affirm. On the other hand, it must be presumed, we think, until the contrary is made to appear by proper evidence, that natural gas may be safely confined and transported in receptacles and pipes for an indefinite distance. We grant that courts must take cognizance of things that must happen according to the laws of nature, and that, therefore, they will take notice of the fact that when natural gas comes in contact with air and fire it will ignite, and that explosions may follow. Gas pipes may also explode from the mere pressure exerted by the gas. But that it is impossible or even improbable that iron pipes can be manufactured which will not explode or leak when natural gas is conducted through them is quite another proposition, and one of which courts will not take notice in the absence of proof. It seems to us that in the first instruction, as above set out, the court

assumed that with the best of care there would be a probability of accidents arising from the causes named. This was invading the province of the jury. The court should have left it to the jury to decide from the evidence whether or not there was such a probability.

The Legislature has imposed upon gas companies the duty of conducting gas only through sound wrought or cast iron pipe and casings, tested to a pressure of at least four hundred pounds to the square inch, and forbids the transportation thereof through such pipes and casings at a pressure exceeding three hundred pounds per square inch, nor otherwise than by the natural pressure of the gas flowing from the wells. The law likewise requires that natural gas shall be safely and securely confined in well-pipes and other safe and proper receptacles, and shall not be allowed to escape. R. S. 1894, section 7507, *et seq.* By the very act under which the appropriation proceedings are carried on, it devolves upon such companies as the appellant to bury their pipes in the ground so as not to interfere with the cultivation of the soil, or the existing drainage, and to replace the soil in the manner in which it was taken from the ground. R. S. 1894, section 5103, *et seq.* (Elliott Supp. 1016, *et seq*).

The presumption must prevail, (1) that what the Legislature has commanded shall be done, can be done, and (2) that it will be done. It must be presumed, as the court very properly told the jury, that the appellant will discharge its duty by conducting the line "in a reasonably prudent and careful manner," and by otherwise conforming to all the statutory requirements. If this be true, it follows as a necessary corollary, we think, that there is a further presumption that no injuries will arise from the prudent management of the lines, and if any do occur it will be only in exceptional

cases, or through the negligence of the operators. It may be very true, indeed, that natural gas cannot be conducted through pipes without injury to the premises through which it is to pass, but, if so, we think the fact should be established by proper evidence, and is not a matter of presumption.

But the instructions set forth are open to another objection, which we shall now proceed to point out. We shall not dispute the correctness of the proposition that in an action, such as this is, the plaintiff must recover all damages, present and prospective, to which he will ever be entitled by reason of the careful and prudent operation of the line. He cannot split up his remedies. Such is the rule in railroad condemnation cases. *Rehman* v. *New Albany, etc., R. R. Co.*, 8 Ind. App. 200. And the same rule applies in the class of cases to which the present one belongs.

The jury, therefore, had the right to consider any elements of future injury to the land by reason of the appropriation. Such elements of future injury, however, can only be considered for the purpose of determining to what extent, if any, they will deteriorate the value of the land at the time of the condemnation. To whatever extent the exposure will diminish the value of the premises, to that extent, and to that only, can the question of future loss, other than that which can be determined by a definite estimate, such as additional fencing, ditching, etc., be considered at all, and no compensation can be allowed for probable future losses by fire and explosion arising from the prudent operation of the line, as independent items of damages, disconnected from the question of the diminished value of the land affected by the proceedings. The rule governing in railroad cases is well stated by a standard author as follows: "It is to be borne in mind that compensation

is not to be given for increased exposure to fire, nor for increased insurance rates, nor for probable losses by fire in the future for which no recovery can be had, but simply *for depreciation in the value of the property* by reason of the danger from fire. The evidence should, therefore, be limited to showing all the facts in regard to the situation of the property and improvements relatively to the railroad, and perhaps to showing the distance from the road to which the danger extends. Evidence of actual damages by fire before the assessment of damages should be excluded." Lewis Eminent Domain, section 497.

We fully agree with the doctrine here expressed. It is amply supported by an abundance of decided cases and we have not been referred to any case by counsel for appellees in which it has been held that future injuries from fire, etc., may be compensated as independent items of damage. Our own cases, relied upon by appellees' counsel, do not disclose the rule differently from the way in which it is here stated. Those cases directly bearing on the question now under consideration fully recognize the correctness of the doctrine above enunciated. Indeed, the appellees' learned counsel concede its correctness, but "think the court's instructions complained of, taken as a whole, proceed upon the theory contended for by appellant's counsel." To this proposition we are unable to give our assent. In the great mass of instructions given to the jury, both at the request of the appellant and that of appellees, and of the court's own motion, we have not been referred to any, nor have we been able to find one after diligent search, in which the jury are given to understand that elements of damage by fire and explosion can only be considered in connection with the question of the deterioration of the value of appellees' real estate. Ordin-

Indiana Natural Gas and Oil Co. *v.* Jones *et al.*

arily, it is true, error cannot be predicated on the failure of the court to instruct the jury upon any given question, unless the party desiring such instruction submit the same in writing with a request that it be given. But here the question is not upon the refusal of the court to instruct the jury upon any particular proposition, but whether the error presumably committed in giving certain instructions has been cured by other instructions given, so that, when considered as a whole, the instructions may be said to state the law correctly.

It is evident to our minds that the case was submitted to the jury upon an erroneous theory, so far as the question of damages that may accrue by reason of fires and explosions is concerned.    By the instructions above set out, the question of damages from future losses by fires and explosions as independent items and not connected with the value of the lands is made both prominent and important to an extent, as we think, that renders it highly probable, in view of the large damages awarded, that the jury were misled thereby.

For the reasons stated, the appellant's motion for a new trial should have been sustained.

Judgment reversed.

Filed December 11, 1895.

NOTE.—The authorities as to liability for negligence in the escape and explosion of gas are collected in an extensive note to the cases of *Ohio Gas Fuel Co.* v. *Andrews* (Ohio), 29 L. R. A. 337 ; *Lebanon Light H. & T. Co.* v. *Leap* (Ind.), 29 L. R. A. 342, and *McGahan* v. *Indianapolis Natural Gas Co.* (Ind.), 29 L. R. A. 355.