No. 1,685.

## CONSUMERS' GAS TRUST COMPANY *v.* CORBALEY.

NATURAL GAS.—*Pipe Line.*—*Explosion.*—*Damage.*—A purchaser of a natural gas-pipe line, for defects in the original construction of which it is not liable, is liable for damages occasioned by an explo-

sion of escaping gas, where it knew, or by the exercise of ordinary care could have known, of the existence of the leak at the point where the gas which exploded escaped long before the accident. (See note at end of opinion.)

EVIDENCE.— *Natural Gas Pipe Line.— Kinds of "Sleeves."— Negligence.—Explosion.*—Evidence of the different kinds of "sleeves" for connecting gas pipes in use at the time of an explosion of escaping gas is admissible upon the question of negligence by the company owning and operating the line at the time of the explosion, in connection with evidence charging it with knowledge of the existence of the leak, although the kind of sleeve used was that in common use at the time of the original construction.

From the Marion Superior Court.

*Lamb & Hill*, for appellant.

*Holtzman & Leathers*, for appellee.

DAVIS, J.—This was an action brought by appellee to recover damages for the destruction of a house, resulting from the explosion of natural gas. Trial by a jury resulted in verdict and judgment in favor of appellee for $1,100.00.

The errors assigned by the appellant in this court are :

1.   That the court in special term erred in permitting plaintiff to amend his complaint.

2.   The court erred in overruling the defendant's motion for a new trial.

3.   The court erred in overruling defendant's motion to tax costs to plaintiff.

The third error assigned has not been discussed.

The complaint was amended, by leave of court, more than ten days before the commencement of the trial. No abuse of discretion by the trial court has been shown in relation to this amendment. There was no error in this ruling.

The principal question discussed by counsel for appel-

lant is, that the verdict is not sustained by sufficient evidence, and that it is contrary to law.

The position of counsel for appellant on this question is briefly and tersely stated as follows :

"We concede that appellant was bound to exercise due and ordinary care in the purchase, and after the purchase, in the management and maintenance of its pipe line, and with reference to the explosive and dangerous character of natural gas.    We insist that applying the rule strictly, the testimony established clearly that appellant exercised due care and prudence, both in the purchase and after the purchase, in the management and maintenance of its pipe line."

The evidence in some material respects is conflicting, but there is evidence, giving it the most favorable consideration in behalf of the appellee, fairly tending to prove that in the construction of an eight inch, high pressure, natural gas pipe-line, in and along the west side of Illinois street, in the city of Indianapolis, in 1887, for the Broad Ripple Company, two gangs of men, one working from the north and the other from the south, met at a point nearly opposite the property in question ; that in order to connect the two ends of pipe, so laid and brought together by the separate gangs, a piece of wrought iron ten inch gas pipe, eighteen inches or two feet in length, was used as a sleeve ; that the joints at each end of the sleeve were caulked with lead ; that the line was purchased by appellant in 1889, and thereafter the line was under the management of appellant ; that a leak at said point occasioned by the lead drawing out between the sleeve and the main pipe caused the explosion that destroyed the appellee's house in 1893 ; that the gas was escaping through said leak for several years before the explosion ; that the gas so escaping penetrated through and under the ground, to,

under and in appellee's house, and there ignited causing the explosion; that the appellee never resided on the premises, and that the house was occupied by a tenant; that the leak, which was evidenced by the escaping gas, might have been discovered by the appellant by the exercise of ordinary care in the operation and management of the line before the accident; that an employe of appellant—a line walker whose duty it was to inspect the line for leaks—had notice of the fact that there was a leak in the sleeve at this point, long prior to the explosion.

The learned counsel for the appellant have ably discussed the evidence in lengthy printed briefs, but the question whether under the circumstances reliance should be placed on the testimony of some of the witnesses in relation to the leaking gas, and the knowledge thereof on the part of the line walker, was one for the jury, and cannot be reviewed by this court. We have carefully read five hundred pages of long-hand type written manuscript of the evidence in the light of the argument of the counsel, and are of the opinion that there is some evidence fairly tending to prove every material point in issue, the burden of which rested upon the appellee.

It was a conceded fact on the trial that the line was originally constructed by the Broad Ripple Company. It is also apparent from the record that the appellant was not held liable by reason of any negligence of the Broad Ripple Company in the original construction of the line. The liability, if any, of the appellant, as we view the evidence, grows out of the failure of the appellant to exercise ordinary care in the management and maintenance of the line.

There is as before observed evidence tending to prove the existence of a leak at this point for several years

before the explosion, and that appellant knew, or by the exercise of ordinary care should have known, of the existence of such a leak long before the accident. In the light of this evidence, and on this theory, under all the circumstances, there was no error in allowing the appellee to prove the different kinds of approved sleeves for such connection, in use at the time of the explosion.

Whether the sleeve in question, put in by the Broad Ripple Company, was commonly used in 1887, was under the circumstances immaterial. Granting that this was the kind of sleeve in common use at the time the Broad Ripple line was constructed in 1887, such fact was no excuse for the failure of the appellant to repair the leak which afterwards developed therein. Without discussing the different questions in detail, it will suffice to say that we have carefully considered them all, and that in our opinion there is no reversible error shown in either the admission or exclusion of evidence.

The damages are not excessive.

The appellant was not entitled to a new trial on account of newly discovered evidence.

Judgment affirmed.

Filed March 10, 1896.

NOTE.—The liability for negligence in the escape and explosion of natural gas is considered at length in a note to *Ohio Gas Fuel Co.* v. *Andrews*, ( Ohio ), 29 L. R. A. 337.