# THE LOGANSPORT AND WABASH VALLEY NATURAL GAS COMPANY v. COATE.

[No. 3,861. Filed June 17, 1902.]

APPEAL AND ERROR.—*Evidence.*—Where there is evidence in support of the verdict on all material points, the verdict will not be disturbed on the ground of the insufficiency of the evidence. *p. 302.*

SAME.—*New Trial.*—*Assignment of Error.*—Where an assignment in a motion for a new trial based upon alleged error in the admission of evidence applies to questions and answers covering an extended examination of each of the witnesses, and in the argument certain portions of the testimony thus included in a single cause in the motion are singled out and discussed, and other parts thereof are not discussed, the assignment must fail; since a ground assigned for a new trial must be good cause as a whole. *p. 302.*

TRIAL.—*Evidence.*—*Order of Admission.*—Where in an action against a gas company for damages resulting from an explosion, the defendant introduced evidence to show excavations were made along the street between the gas main and the line of plaintiff's property and no discolorations of the earth by gas were shown, it was proper for plaintiff to meet such evidence, on rebuttal, by showing that natural gas may pass through earth without discoloring it except near the place of its escape. *pp. 302, 303.*

EVIDENCE.—*Action Against Gas Company.*—*Damages.*—Where in an action against a gas company for damages caused by an explosion it was alleged that defendant's main in front of and in the vicinity of plaintiff's property had long been weak and defective, and that defendant had notice thereof, evidence was properly admitted, showing the existence of leaks at other places in defendant's system of pipes, before the explosion, and actual notice thereof to defendant. *p. 303.*

TRIAL.—*Instructions.*—*Concurrent Negligence.*—*Harmless Error.*—In an action against a gas company for damages to property from an explosion caused by an alleged defective main, an instruction that defendant would be liable for its negligence contributing

to the loss if the injury was caused by the concurrent negligence of defendant and the life tenant who occupied the building damaged, was harmless, though the evidence did not show any concurrent negligence on the part of the life tenant.  *p. 304.*

NEGLIGENCE.—*Concurrent Negligence of Third Person.*—Where one is injured, without his fault, by the concurrent negligence of the defendant and a third person not subject to plaintiff's control or direction, the defendant can not avail himself of the negligence of such third person as a defense.  *p. 305.*

From Wabash Circuit Court; *H. B. Shively*, Judge.

Action by Josephine Coate against the Logansport and Wabash Valley Natural Gas Company for damages to property caused by an explosion. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. E. Cowgill, T. L. Stitt* and *A. B. Everhard,* for appellant.

*J. D. Conner, Jr.,* for appellee.

BLACK, J.—The appellant, as a part of its appliances for supplying the city of Wabash with natural gas, maintained a pipe-line in and along Middle street, running north and south. The appellee was the owner in fee simple of a house and lot abutting on the east side of the street, in which one Emiline Burns had a life estate. This house was supplied with natural gas by the appellant, through a service-pipe which extended from the main pipe-line in the street to and into a cellar under the eastern portion or wing of the house, which extended further northward than the western portion; there being under these portions cellars which were connected by a door. The service-pipe which so entered through the foundation wall of the east cellar ran north of and parallel with the west cellar, and a branch pipe ran therefrom into the west cellar. Late in the afternoon of the 22d of February, 1899, a girl fourteen years of age, named Bessie Lane, went down into the west cellar, and there struck a match, whereupon an explosion of gas occurred, which wrecked the house and so maimed and bruised Bessie Lane and Emiline Burns, inmates of the house, that they died

from the injuries. This was an action in which the appellee sought and recovered damages for the destruction of the house.

The discussion of counsel pertains chiefly to the evidence, the controversy relating for the most part to the manner in which the gas which exploded entered the cellars. There was evidence that at the time of the making of a test, soon after the explosion, there was a leak at a joint in the pipe within the west cellar, and as the service-pipe did not belong to the appellant except that portion thereof between the main pipe-line in the street and the curb box, about nine feet from the main, it is claimed that the appellant was not chargeable with the presence of the gas in the cellars. The evidence showed that between the curb box and the house there was no leak in the service-pipe, but that there was a leak between the main pipe-line and the curb box. From this leak to the place where the service-pipe went into the east cellar was about eighty-five feet, and a part of the claim of the appellant is that the evidence did not warrant a conclusion that the gas passed from this leak to the house. There was evidence that after the explosion, when the gas had been cut off at the curb box, and the gas had all escaped from the service-pipe east of the curb box, as was indicated by failure to cause ignition by the application of a flame to the open east end of the pipe, there was sufficient gas at the opening in the wall through which the service-pipe entered the east cellar to produce a flame which burned until extinguished by throwing earth upon it.

The jury well might find that this gas did not come from the service-pipe at any point east of the curb box. It was also within the province of the jury to find, upon the evidence which we can not take space more fully to set out, that before the explosion there was no leak in the west cellar, or at any place east of the curb box. There has been discussion here as to the effect of the frozen condition of the surface of the earth, and as to the importance of the indications fur-

nished by the presence or the absence of discoloration of the earth by the escaping gas. These matters and, indeed, the whole discussion of counsel upon the question as to the sufficiency of the evidence, belong to the province of the jury and the trial court. It would be practically impossible for this court to occupy itself with such matters with reasonable expectation of reaching true and just results. There being evidence which sustains the verdict on all material points, we can not disturb the result on the ground of the insufficiency of the evidence.

Objections are urged to the action of the court in admitting testimony of two witnesses for the appellee,—Mr. Hully and Mr. Powers,—shown to be sufficiently qualified to testify as experts concerning the qualities of natural gas, and the use thereof under such circumstances as those of the case on trial. In the motion for a new trial the causes relating to the testimony of these witnesses, so far as they can be identified with the discussion in the brief of appellant's counsel, extended to many questions and answers, covering an extended examination of each of the witnesses. In argument certain portions of the testimony thus included in a single cause in the motion are singled out for notice. A ground assigned for a new trial must be a good cause as a whole. This court will not separate the good causes from the insufficient causes, and all that are not discussed must be regarded as waived and treated as if insufficient. The chief ground of objection to the testimony of these witnesses relates to the question whether or not it was properly admitted at the stage of the case wherein it was introduced, being on rebuttal. Such objection is one to be addressed to the particular question or answer, and not to the entire examination of a competent witness. Counsel for appellant, in discussing the evidence, point out in their brief testimony introduced on behalf of the appellant which rendered testimony given by Hully and Powers legitimate in rebuttal. The appellant showed that after the explosion a trench was dug

along the street between the main and the line of the appellee's property, and the absence of discoloration by gas of the earth thus excavated was shown. Counsel also refer to much expert testimony on appellant's behalf to the effect that blackened earth is an infallible test of escaping gas, and of the distance it has traveled. It was important and legitimate for the appellee to meet this evidence, if possible, by proof that natural gas may pass through earth, or in contact with earth, without discoloring it except in the neighborhood of the place of its escape from the conducting pipe. Evidence to the effect that such test is not infallible as to the distance natural gas has passed through the soil was the most important matter elicited from the witnesses.

Testimony was admitted, over appellant's objections, showing the existence of leaks, before the explosion, at other places in the system of pipes that passed in front of appellee's property, and actual notice thereof to the appellant; two being in the immediate vicinity, on either side of the appellee's property, and two others at different points some squares distant. It was alleged in the complaint that the pipe-line in Middle street, and in front of and in the vicinity of appellee's property, was, and long had been, weak, and insufficient, and inferior in quality, and incapable of retaining and carrying and conveying natural gas without hazarding the safety of the public, and endangering the lives and property of the people in and about the location of said pipe-line, and that the appellant had full notice and knowledge of these facts, and negligently and carelessly used and employed said pipe-line, etc., and carelessly and negligently, with full knowledge of the insufficiency and weakness of said pipe-line, and the danger to the public in consequence thereof, turned into and permitted to flow in and through the pipe-line the natural gas at a very high and dangerous pressure,—far beyond the retaining power and strength of the pipe-line; that by reason of said negligence and carelessness of the appellant in using and employing

such weak and inferior pipe, and its negligence and carelessness in permitting and allowing the natural gas to flow in and through said pipe-lines at said high and dangerous pressure, the said pipe-line in the vicinity of the appellee's property on or before the 22d of February, 1899, broke, burst, etc.

The system of buried pipes had been constructed about ten years before the explosion in question, and the quality of the material used, and the manner of construction, as well as the care with which the system was attended and managed, were in dispute on the trial. It is admitted by the appellant, as a fact shown by the record, that there was, and had been for some time prior to the day in question, a leak in the appellant's service-pipe in front of appellee's property; being the service-pipe by which gas was supplied to the appellee's house. The evidence now under consideration was not irrelevant. It tended to show the condition of the system in dispute, and the appellant's knowledge thereof, and to charge the appellant with notice of the leak in front of the appellee's property. We can not conclude that there was error in admitting such evidence. See *Alexandria, etc., Co.* v. *Irish,* 16 Ind. App. 534; *Consumers Gas, etc., Co.* v. *Perrego,* 144 Ind. 350, 32 L. R. A. 146.

The court, by one of its instructions, and by its modification of an instruction requested by the appellant, informed the jury, in effect, that the appellant would be responsible for its negligence contributing to the loss, if the injury was caused by the concurrent negligence of the appellant and the life tenant, the occupant of the building. If, as contended by counsel in discussing the instruction given by the court on its own motion, the evidence did not show any concurrent negligence of the appellant and the occupant of the building, such instruction could not have harmed the appellant, though such argument seems inconsistent with its request for the instruction which the court modified, which before its modification related only to a hypothesis concern-

ing negligent failure of the occupant to take reasonable precautions. It is well settled that where the plaintiff was injured, without his fault, by the concurrent negligence of the defendant and a third person, not subject to the plaintiff's control or direction, the defendant can not avail himself of the negligence of such third person as a defense. *Board, etc.,* v. *Sisson,* 2 Ind. App. 311; *Grimes* v. *Louisville, etc., R. Co.,* 3 Ind. App. 573; *Louisville, etc., R. Co.* v. *Davis,* 7 Ind. App. 222.

Judgment affirmed.