ANTHOULIS v. PATINIOTIS

[No. 16,238. Filed May 27, 1940.]

*Louis George* and *J. Edwin Smith,* both of Gary, for appellant.

*Kenneth Call,* of Gary; and *James McGarvey,* of Valparaiso, for appellee.

STEVENSON, J.—The appellee filed suit against the appellant for damages growing out of an assault and battery alleged to have been inflicted upon the appellee by the appellant on the 12th day of July, 1932. The complaint was in two paragraphs. The first paragraph alleged generally "that on the 12th day of July, 1932, said defendant assaulted, struck, beat, shot, injured and wounded this plaintiff all to the plaintiff's damage in the sum of $25,000.00." The second paragraph alleged substantially the same facts and specifically described the injuries resulting from said assault and asked special damages for loss of time, suffering, humiliation, hospitalization, and permanent disability, all in the sum of $25,000.00.

To these paragraphs of complaint the appellant, as defendant, filed an answer in general denial. The case

was submitted to a jury for trial, which returned a verdict in favor of the appellee in the sum of $1,000.00. Judgment was rendered on the verdict. A motion for new trial was filed and overruled and this appeal has been perfected.

The only error assigned in this court is the alleged error in overruling the appellant's motion for new trial. Under this assignment the first proposition discussed by the appellant is the fourth reason assigned in the motion for new trial to the effect that the damages assessed by the jury are excessive. The appellant contends that there was no evidence introduced concerning loss of time or earnings nor money expended for doctor or hospital bills, and that under the instructions of the court hereinafter discussed, these items were erroneously considered by the jury.

The evidence disclosed that the appellee as a result of the shooting was confined to the hospital for nine days and the hospital bill offered and read in the evidence disclosed a charge of $25.50 for this service. The bill submitted by the appellee's doctor for services rendered was introduced in evidence, which disclosed a charge of $35.00. This was for services from July 12, 1932, to July 19th. The hospital bill submitted covered the same period. The evidence disclosed that the appellee was shot on July 12, 1932, and was taken immediately to the hospital where he remained nine days. In view of this evidence we cannot agree with the contention of the appellant that there was no evidence offered concerning money expended or obligations incurred for hospital and doctor bills.

The appellant further contends that there is no allegation in the complaint nor evidence offered in support

of the appellee's loss of earnings as an element of damage. The second paragraph of the complaint alleges that by reason of the assault and battery the appellee "was prevented from performing any labor and transacting any business whatever" and that he has been permanently disabled. It is our opinion that under these allegations loss of time and earnings was properly within the issues formed by the pleadings.

As an additional reason in support of the contention that the damages are excessive, our attention is called to the court's Instruction No. 13. This instruction informed the jury that, "You may, in fixing damages consider the character of the plaintiff's injuries whether they are permanent or only temporary in character, how much physical pain he has suffered, his doctor and hospital bills, if any have been shown in the evidence, his loss in earnings or wages, if any have been shown in the evidence." Conceding that there was no evidence offered as to the value of the time lost or the amount of earnings lost, yet this instruction is not sufficiently erroneous because of such fact to render its giving reversible error. A similar instruction was challenged in the case of *Thomas Madden, Son & Co.* v. *Wilcox* (1910), 174 Ind. 657, 91 N. E. 933, in which the court instructed the jury to consider "the expense incurred for medicines and medical treatment, if such expenses were incurred." No evidence was offered on this item. The court said, "This instruction was not mandatory in its requirements but the recovery as to the medical items was conditioned upon incurring such expenses. It is plain therefore that if appellee wholly failed to introduce any evidence upon this subject, the instruction was harmless in this respect." The instruction complained of in the case at bar informed the jury that they might "consider as an element of damage

loss of earnings or wages, if any has been shown by the evidence." No such loss having been shown by the evidence, we cannot presume that the jury was misled by this instruction. As a general rule, "instructions should be relevant to the issues and pertinent to the evidence, . . ." (*Cleveland etc. R. Co.* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238) and attention should not be directed to elements of damage on which there is no evidence. The giving of such an instruction, however, is not reversible error unless it clearly appears that the party affected was harmed thereby.

The evidence discloses that the appellee was shot in the right leg; that the bullet entered the leg from the rear in the fleshy portion of the thigh and ranged ■ downward, striking the femur and being deflected outward, coming out above the knee. This injury was painful and required medical treatment and hospitalization and in view of such testimony, we cannot say that a verdict of $1,000.00 was excessive. It is our opinion that the giving of this instruction though erroneous, was harmless in this respect.

The appellant further complains that since the complaint was in two paragraphs, the first of which simply alleged general damage and the second special ■ damages, a verdict returned is erroneous unless supported by both paragraphs. We cannot agree with this contention.

The jury returned a general verdict in this case in favor of the appellee and fixed his damages at $1,000.00. If this verdict is supported by the evidence offered in support of either paragraph of the complaint, it will not be set aside on appeal. *Union Traction Co.* v. *Smith* (1921), 76 Ind. App. 487, 130 N. E. 813.

The appellant complains of the giving of Instruction No. 8 which informed the jury generally on the weight

of evidence and the credibility of witnesses. The instruction closed with the following sentence: "And from all the evidence in the case under the instruction of the court, you will determine the rights of the parties." This instruction is criticized for the reason that it informs the jury that they should consider "all the evidence in the case." The appellant contends that under such an instruction, the jury is entitled to consider evidence improperly admitted and to consider evidence unrelated to the injury complained of which might furnish an incorrect basis for the assessment of damages. It developed on cross-examination of the appellee that he spent 29 days in jail after he left the hospital, on a charge of carrying concealed weapons. No motion was made by the appellant to strike out this evidence so developed and no instruction was tendered by the appellant seeking to have this item of evidence excluded or disregarded. The appellant is therefore in no position to complain about this item of evidence upon appeal.

If there was any evidence offered in the case which the jury should not consider it should have been excluded upon proper objection or the appellant should have taken some steps toward having the same excluded from the jury's consideration. *Clark* v. *Clark* (1917), 187 Ind. 25, 118 N. E. 123. There was no error in the giving of Instruction No. 8.

The court by Instruction No. 12 specifically instructed the jury as to its duty in assessing damages if it found the appellee was entitled to any damages. This instruction reads in part as follows:

"In assessing such damages, if any, you should carefully consider all of the evidence bearing on the question of damages and award to plaintiff such damages as a fair preponderance of the evi-

dence relevant thereto convinces you he sustained. In assessing damages, as in every other question you may be called upon to decide, you are bound strictly by the evidence relative to the question of damages and such inference as reasonable men may draw therefrom."

It is apparent from a reading of these instructions, together with Instruction No. 11 hereinafter quoted, that the jury could not have been misled into ▇ assuming that the time spent in jail was an element of damage which the jury was entitled to consider.

▇ Complaint is further made of the giving of Instruction No. 11, which reads as follows:

"In the event you find for the plaintiff, in determining the question of damages, you are instructed that a party suing for an injury received can only recover such damages as naturally flow from and are the proximate result of the act complained of. The jury should be governed solely by the evidence introduced before them and they have no right to indulge in conjecture and speculation not supported by the evidence with reference thereto."

The appellant contends that this is misleading in that it authorizes the jury to indulge in conjecture and speculation in reference to matters other than damages. We do not believe this instruction subject to this criticism. Instructions similar to this have been approved many times by this court.

Complaint is further made of Instruction No. 13 by which the jury was informed that, "The law has no fixed standard by which damages in a case like ▇ this can be arrived at." Appellant contends that this statement permits speculation and conjecture on the subject of damages. We do not believe this instruction is subject to be so interpreted when

read in its entirety. There is no fixed standard by which damages may be determined for injury growing out of an assault and battery. "Juries are allowed a sound discretion in assessing damages, and while the courts may instruct as to the elements of damages, they cannot be defined and calculated with mathematical certainty." *Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524, 539, 92 N. E. 49. The court properly enumerated the elements which the jury might consider in arriving at the amount of their verdict. We find nothing in the record to indicate that such verdict was excessive.

Complaint is further made as to improper conduct of counsel and the appellee during the trial of this case. Without setting out in detail in this opinion the many statements made by the appellee and by the appellee's counsel about which complaint is made, we deem it sufficient to say that we have read the entire evidence and find nothing in the conduct of either the appellee or his counsel which would warrant a reversal of this case. It is apparent from the record that the appellant and the appellee were unfriendly to one another and it is further apparent that the appellee was unfriendly to the appellant's counsel. The court, however, admonished the jury on every request made to disregard voluntary and improper remarks and it is our opinion that the jury was not influenced by any remarks or conduct about which complaint was made.

There was accordingly no error in refusing to discharge the jury or in overruling the appellant's motion for new trial. *Indiana Pipe Line Co.* v. *Christensen* (1924), 195 Ind. 106, 143 N. E. 596; *American Carloading Corp.* v. *Voight* (1939), 107 Ind. App. 267, 21 N. E. (2d) 453.

Finding no reversible error, the judgment of the trial court is affirmed.

Curtis, J., not participating.
Dudine, J., concurs in result.
NOTE.—Reported in 27 N. E. (2d) 375.