# Miller Grain & Commission Co. *v.* International Sugar Feed Co.

### Assumpsit.

(Decided May 18, 1916.  Rehearing denied June 30, 1916.)
72 South. 368.)

**Adulteration; Statutory Provision; Judicial Notice.**—Unbolted corn meal is excepted from the operation of the provisions of Acts 1911, p. 104, since the courts judicially know that corn meal is an unmixed meal made from entire grains of corn, and that unbolted corn meal is corn meal from which the bran has not been sifted or separated.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by the International Sugar Feed Company, No. 2, against the Miller Grain & Commission Company, on a bill of exchange. Demurrer was sustained to certain of the pleas of defendant, and from the judgment rendered defendant appeals. Affirmed.

Transferred from Court of Appeals.

RICHARD B. KELLY, for appellant. HUGH A. LOCKE, for appellee.

MAYFIELD, J.—The action is on a bill of exchange against the acceptor, to which, for "good count," are added the common counts.

To the complaint the defendant filed several special pleas, attempting to set up the illegality in the consideration, in that it was in violation of the statute of this state known as the "Commercial Feeding Stuffs Act." Plea 3 is a fair sample of the pleas under consideration and it reads as follows: "That the consideration of the acceptance.sued on in said cause is and was illegal in this, the consideration for said acceptance was the sale and delivery by plaintiff to defendant, in Alabama, of certain commercial feed stuff, viz.: 400 sacks of unbolted corn meal, 'to be used for feeding live stock'; and defendant alleges that said feed stuff was not tagged, before or at the time of said sale, as required by an act of the Legislature of Alabama, set forth in General Acts Alabama 1911,, p. 104 et seq., and section, viz. 2, of said act. Wherefore defendant says that plaintiff cannot maintain said suit."

The trial court sustained a demurrer to these pleas, whereupon the defendant suffered judgment and appeals.

The sole question for review is the sufficiency of these pleas, and that question, as the record shows, depends upon whether or not "unbolted corn meal" is within the operation, or is within the exception, of the act above referred to (Acts 1911, p. 104). The part of the act defining "commercial feeding stuffs," to which the provisions of the act are made to apply, reads as follows: "Section 1. * * * The term 'commercial feeding stuffs' shall be held to include all feeding stuffs used for feeding live stock and poultry, except whole seeds or grains; the unmixed

[Miller Grain & Commission Co. v. International Sugar Feed Co.]

meals made directly from entire grains of corn, wheat, rye, barley, oats, buckwheat, flax seed, kafir, and milo; whole hays, straws, cotton seed meal and hulls and corn stover when unmixed with other material, together with all other materials containing sixty (60%) per cent. or more of water."

We feel no hesitancy in holding that the trial court ruled correctly in sustaining demurrer to these pleas. They presented no defense to the complaint, for the simple reason that the act, by its very express terms, does not apply to "corn meal" which is unmixed with other materials. The court judicially knows that corn meal is an unmixed "meal," made "from entire grains of corn," and that "unbolted corn meal" is simply meal not bolted, or meal from which the bran has not been sifted or separated. There is nothing in the pleas to show that the meal was mixed with other ingredients, so as to bring it within the provisions of the act. For the defendant to defend by a special plea of illegality of consideration, the plea must show that the consideration was illegal; and the consideration in this case was not illegal unless the meal sold was within the provisions of the act; the plea not only fails to show the application of the act, but affirmatively shows, by the facts alleged, that the meal sold was not within the provisions of the act; and therefore it was not required to be inspected nor tagged.

Appellant is in error in supposing that the plaintiff should have replied to the plea, alleging that the meal sold was unmixed with other ingredients. The plea itself declared and proclaimed its own defects and insufficiency, and therefore preached its own funeral.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.