AMERICAN SMELTING & REFINING CO *v.* UNITED STATES (No. 3018[1])

United States Court of Customs Appeals, April 9, 1928

*James L. Gerry* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham*, special attorney, of counsel), for the United States.

[Oral argument December 7, 1927, by Mr. Gerry and Mr. Higginbotham]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Certain flue dust imported from Mexico was classified and assessed by the collector as a nonenumerated, unmanufactured article, under

[1] T. D. 42718.

paragraph 1459 of the Tariff Act of 1922. The appraiser subsequently made a supplemental report stating that it should have been returned at 20 per centum under the same paragraph.

The protest contains several claims, the chief one being that the flue dust is dutiable at 1½ cents per pound on the lead contained therein, under the provision of paragraph 392 of said act for "lead-bearing ores and mattes of all kinds," either directly or by similitude.

It is further claimed that the goods are free of duty under paragraph 1562 of said act, providing for "metallic mineral substances in a crude state," and under the same paragraph as "metals unwrought," or, if dutiable, at 10 per centum under paragraph 1457 as "waste."

A further claim was made that the merchandise was dutiable under paragraph 394, which provides for "Zinc-bearing ores of all kinds, containing less than 10 per centum of zinc." This claim is not contended for in this court.

Appellant's witness Smoot testified that the sample of the merchandise which was analyzed by him showed the following constituents:

| | |
|---|---|
| Insoluble matter | 1/10 of 1 per centum. |
| Moisture and combined water | 0. 52 of 1 per centum. |
| Cadmium oxide | 55. 6 per centum. |
| Lead oxide | 14. 56 per centum. |
| Iron oxide and alumina together | 0. 47 of 1 per centum. |
| Zinc oxide | 1. 23 of 1 per centum. |
| Arsenic trioxide | 1. 89 of 1 per centum. |
| Arsenic pentoxid | 19. 56 of 1 per centum. |
| Sulphur trioxid | 1. 92 of 1 per centum. |
| Chlorine | 1. 9 per centum. |
| Small traces of carbon dioxide and alkaline substances. | |

While the record shows that this particular class of merchandise is treated for the recovery of lead, appellant's witness Richards stated that it was very frequently treated for the recovery of cadmium. As will be observed, cadmium oxide constitutes 55.6 per centum of the importation.

Arsenical flue dust was the subject of controversy in the case of *American Smelting & Refining Co.* v. *United States*, 12 Ct. Cust. Appls. 212, T. D. 40226. That importation contained probably about 75 per cent of crude arsenious acid. The flue dust in this case, according to the statement of the witness Smoot, contained less than one-third that amount. But the difference of the component parts of the importation was not urged as having any bearing upon the decision of the case, and before this court appellant's counsel, in his brief, says:

The case of *American Smelting & Refining Co.* v. *United States*, 12 Ct. Cust. Appls. 212, has no application to the case now before the court. In that case arsenical flue dust was classified as a nonenumerated manufactured article under

paragraph 385 of the Tariff Act of 1913 and was claimed to be free of duty under the provision in paragraph 387 of said act for arsenic or arsenious acid.

There was no evidence before the court to establish similitude to any article enumerated in the dutiable list and the question was not referred to in the briefs or in the decision of the court.

Appellant contends that if the court had had under consideration the question of similitude in the decision of the *American Smelting & Refining Co.* case, *supra,* it would have arrived at a different conclusion.

The pertinent portion of paragraph 392 of the Tariff Act of 1922 is as follows:

PAR. 392. Lead-bearing ores and mattes of all kinds, 1½ cents per pound on the lead contained therein * * *.

In the *American Smelting & Refining Co.* case, *supra,* this court held that the flue dust therein involved was not arsenic or arsenious acid, and further held that it was not a metallic mineral substance in a crude state, since it contained no metal as such, and cited, on the last proposition, *Hempstead* v. *United States,* 122 Fed. 538.

We also held there that the merchandise was not waste dutiable at 10 per centum ad valorem under paragraph 384 of the Tariff Act of 1913, and that it was dutiable as a nonenumerated manufactured article at 15 per centum under paragraph 385 of said act, and said:

* * * It is rather a by-product, which is produced by means of special and even elaborate manufacturing processes for its own value as a separate tariff entity and article of commerce. The by-product thus obtained is of itself a manufactured article, or at least is partly manufactured, and is not a raw or unmanufactured article under paragraph 385, supra. *Standard Varnish Works* v. *United States,* 59 Fed. 456; *Shallus* v. *United States,* 155 Fed. 213.

It seems that all of appellant's contentions, except as to the dutiability of the merchandise under paragraph 392, either directly or by similitude, have been answered by the former decision, and we find no reason for changing our views therein expressed.

That the merchandise herein involved is not "lead-bearing ores" or "mattes," but is something that is a by-product from lead-bearing ores, is too plain to require discussion and, therefore, can not be assessed under the paragraph directly.

Appellant's learned counsel has very clearly and correctly stated the rule as to similitude; that is, classification of an unenumerated article, by similitude, to an enumerated article must be resorted to before a classification under a catch-all provision for nonenumerated articles. *Ringk & Co.* v. *United States,* 13 Ct. Cust. Appls. 126, T. D. 40960.

The similitude provision, applicable to this case, of the Tariff Act of 1922, is found in paragraph 1460, and is as follows:

PAR. 1460. That each and every imported article, not enumerated in this act, which is similar, either in material, quality, texture, or the use to which

it may be applied to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *

Similitude is a question of fact to be established by the evidence. *Ringk & Co.* v. *United States, supra*; *Rubber Association of America et al.* v. *United States*, 11 Ct. Cust. Appls. 46, T. D. 38689.

It will be noticed that the law provides that before a nonenumerated article shall be regarded as similar to an enumerated one it must be similar "either in *material, quality, texture,* or the *use* to which it may be applied." (Italics ours.)

We do not believe there has been any showing in this case which would justify a conclusion that the flue dust in controversy meets the requirement of similarity required by the statute. The flue dust may be similar in some respects to "lead-bearing ores and mattes." For instance, both are mineral substances. Salt is a mineral substance and in this respect is similar to lead-bearing ores, but the statute contemplates a greater similarity than this. It seems plain to us that the importation is not similar in material, quality, or texture to lead-bearing ores, for the reason that the imported merchandise is a manufactured product, from which much has been taken that was in the original ore. This court having held it to be a manufactured product, in our judgment, precludes the finding that it is similar to the raw or crude ores in *material, quality,* or *texture.*

Is the imported merchandise similar to lead-bearing ores in the use to which it may be applied? In the uncontradicted proof by appellant it is shown that the imported merchandise is treated in a manner different from the crude lead-bearing ores, depending upon the kind of material desired. The use of lead-bearing ores *is to recover the lead* from all of the different kinds of mineral substance that it may contain, and Congress, in providing the rate of duty on lead-bearing ores, may have only given consideration to the use of the ore for that purpose. Cadmium is dutiable at 15 cents per pound (par. 378 of the tariff act of 1922). The use to which the instant merchandise is put is for the recovery of various by-products of the initial operation. In this instance they say it is for the purpose of recovering lead and sometimes cadmium. The fact that it contains 55.6 per centum cadmium is significant. In the *American Smelting & Refining Co.* case, *supra*, it was used for the purpose of recovering arsenious acid.

It is obvious that this commodity becomes valuable by reason of the fact that it contains one or more valuable mineral substances in more or less of a concentrated form. Lead-bearing ores are dutiable at $1\frac{1}{2}$ cents per pound. Lead in several different forms is

dutiable at 25 per centum ad valorem. There is no specific provision for a lead-bearing ore which has been partially manufactured and the lead contents either concentrated or reduced. We can not, therefore, sustain the contention of the appellant that the goods are dutiable, under paragraph 392, as "lead-bearing ores" or "mattes" by similitude.

The goods were returned by the collector as a nonenumerated raw or unmanufactured article. The appellant protested the classification as a nonenumerated, unmanufactured article and the levying of a 10 per centum duty. The United States Customs Court overruled the protest. We affirm the action of the court below without approving the classification of the collector. It is our view that the goods should have been returned for duty as a nonenumerated, manufactured article.

The claims of appellant having been rejected by the United States Customs Court, its judgment is *affirmed*.