(C. D. 1081)

SAMUEL SHAPIRO & CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided January 21, 1948)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster* and *Richard E. FitzGibbon*, special attorneys), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges; COLE, J., dissenting

MOLLISON, Judge: This protest is directed against the assessment of duty by the collector of customs at the port of Baltimore on an im-

portation of natural cork in sheets at the rate of 45 per centum ad valorem under the provision in paragraph 1511 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1001, par. 1511) for—

* * * manufactures wholly or in chief value of cork bark or cork, not specially provided for * * *

There are five claims made in the protest, but only three are pressed in the brief filed on behalf of the plaintiff. The claim chiefly relied upon is for free entry of the merchandise under the provision in paragraph 1661 of the same act for—

Cork wood, or cork bark, unmanufactured * * *.

It is alternatively claimed that if the merchandise is not dutiable as aforesaid, it is properly dutiable under either of the "catch-all" provisions of paragraph 1558, which reads as follows:

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

The fourth and fifth claims, which were not pressed but which were not abandoned, are under the following provisions of pargraph 1511:

* * * cork, commonly or commercially known as artificial composition, or compressed cork, in the rough and not further advanced than slabs, blocks, planks, rods, sticks, or similar forms, 10 cents per pound; manufactures wholly or in chief value of artificial, composition, or compressed cork, finished or unfinished, not specially provided for, 16 cents per pound * * *.

The evidence offered at the trial establishes that the merchandise consists of natural cork in sheets measuring 4 inches by 12 inches, and of thickness of ½, 1, 2, and 3 millimeters. It appears that the merchandise was ordered in these dimensions as it is a convenient size to handle, shape, and sell, and that it is largely sold to persons engaged in the musical instrument business who use it in making repairs of instruments, such as re-covering the mouthpieces of clarinets and saxophones, and covering trumpet and trombone mutes and the grips of violin bows, by cutting from the sheet the amount needed for the individual repair. It appears, however, that in the form imported the merchandise is not dedicated to a single use, or a single class of uses, but may be used for making other types of repairs or for the manufacture of articles suitable to be made out of sheet cork, such as gaskets of various kinds.

It will be recalled that the merchandise in issue was classified under the tariff designation "manufactures wholly or in chief value of cork bark or cork." The term "manufactures of," followed by the name of a material, frequently occurs in tariff statutes, and in many instances the name of the material, followed by the word "manufactured," also occurs in the same statute. The distinction between the two has

been well-settled in that the former implies the completion of a new article of commerce, distinct from the material of which it was made, while the latter contemplates the advancement of a material which, however, still retains its identity as that material. *United States* v. *Nippon Co. et al.*, 32 C. C. P. A. 164, C. A. D. 303, and cases therein cited.

Applying this test to the merchandise at bar, we find that while the sheets of cork here in question have been advanced from the state in which the cork was originally taken from the tree, they have not been made into new articles or things, but merely consist of cork processed or manufactured into a convenient form as a material from which various articles might be made. It is, therefore, clear that the collector's classification of the same under the provision for "manufactures wholly or in chief value of cork bark or cork" was incorrect. It is equally clear, however, that the plaintiff's claim for free entry under the provision for "Cork wood, or cork bark, unmanufactured" is untenable, for the record establishes that the merchandise at bar is cork wood or cork bark which has been subjected to manufacturing effort which advanced it from the condition in which it was taken from the tree and brought it to the condition whereby it was suitable as a cork material for further manufacture into its ultimate use. These efforts went beyond the mere getting of the cork by itself. Rather than being cork wood or cork bark, unmanufactured, it is at once apparent from an inspection of the exhibits of the imported merchandise before the court that it is cork wood or cork bark, manufactured.

There is no provision in the tariff act for cork wood or cork bark, manufactured, nor is there any enumeration which would directly cover the merchandise before us. Plaintiff relies upon the basket provisions in paragraph 1558, but before classification may be had under that paragraph, it is required that the similitude provision found in paragraph 1559 be exhausted before turning to the provisions for nonenumerated articles. *Isler & Guye* v. *United States*, 11 Ct. Cust. Appls. 340, T. D. 39146.

So far as pertinent, paragraph 1559 reads as follows:

PAR. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

As hereinbefore stated, the protest filed by the plaintiff contains a claim that the merchandise is properly dutiable under the provision in paragraph 1511 for—

\* \* \* cork, commonly or commercially known as artificial composition, or compressed cork, in the rough and not further advanced than slabs, blocks, planks, rods, sticks, or similar forms, 10 cents per pound \* \* \*.

This provision covers artificial, composition, or compressed cork in the form of material for further manufacture into articles of such cork, which is the state of the sheets of natural cork before us. While the protest claim is not stated to be made under the similitude clause, nevertheless, this need not be pleaded. *United States* v. *Rice & Company*, 257 U. S. 536, 66 L. ed. 357.

Our inquiry, therefore, is as to whether there is a similarity in either material, quality, texture, or the use to which they may be applied between natural cork in sheets and artificial cork in the forms named in the tariff provision, or similar forms. There is no record evidence on this subject, but we are satisfied that we may take judicial notice of the facts with respect to at least one of the elements of similitude; namely, material.

Courts take judicial notice of the nature and qualities of common substances. *Jones on Evidence*, 3d ed., Sec. 128; *Elliott on Evidence*, Vol. 1, Sec. 70; *Encyclopedia of Evidence*, Vol. 7, page 898. The following is quoted from 31 Corpus Juris Secundum 656, under the title of "Evidence" and the caption "Judicial Notice":

§ 75.—QUALITIES AND PROPERTIES OF MATTER

Judicial notice will be taken of facts of common knowledge relating to the qualities and properties of matter.

Judicial notice will be taken of facts generally known concerning the qualities and properties of various substances.

Under this principle, courts have taken judicial notice of the nature and qualities of natural gas (*Indiana Natural Gas & Oil Co.* v. *Jones*, 14 Ind. App. 55, 42 N. E. 487; *Jamieson* v. *Indiana Natural Gas Co.*, 128 Ind. 555, 28 N. E. 76, 12 L. R. A. 652; *Alexandria & Co.* v. *Irish*, 16 Ind. App. 534, 540, 44 N. E. 680); sand and cement (*Durand* v. *Bethlehem Steel Co.*, 122 F. 2d 321); milk (*Independent Dairymen's Ass'n* v. *City and County of Denver*, 142 F. 2d 940); oil (*Wilmington & Franklin Coal Co.* v. *Minier*, 40 F. Supp. 316, aff'd 127 F. 2d 1006, cert. den. 63 S. Ct. 74, 317 U. S. 669, 87 L. ed. 538); wire rope (*Mannsz* v. *Macwhyte Co.*, 155 F. 2d 445); tobacco (*Matter of Application of Jacobs*, 98 N. Y. 98, 113); coal oil (*State* v. *Hayes*, 78 Mo. 307, 318; *Waters-Pierce Oil Co.* v. *Deselms*, 18 Okl. 107, 116, 89 P. 212); crude petroleum (*Texas, etc. R. Co.* v. *Bellar*, 51 Tex. Civ. A. 154, 158, 112 S. W. 323); gasoline (*Whittemore* v. *Baxter Laundry Co.*, 181 Mich. 564, 148 N. W. 437, 52 L. R. A. (N. S.) 930, Ann. Cas. 1916C 818); cement (*Meehan* v. *Union Electric Light, etc. Co.*, 252 Mo. 609, 626, 161 S. W. 825); corn meal (*Miller Grain, etc., Co.* v. *International Sugar Feed Co.*, 197 Ala. 100, 72 S. 368); crude glycerine (*Illinois Cudahy Packing Co.* v. *Kansas City Soap Co.*, 247 Fed. 556); glass

(*Myers* v. *W. C. DePauw Co.*, 138 Ind. 590, 38 N. E. 37); and honey (*Peo.* v. *Berghoff*, 47 Misc. (N. Y.) 1, 95 N. Y. S. 257, aff'd in 112 App. Div. (N. Y.) 772, 99 N. Y. S. 201).

In *Carey & Skinner* v. *United States*, 16 Ct. Cust. Appls. 382, T. D. 43118, the goods involved were smoked meats, and it was held (page 390) that "the courts will take judicial notice, in the absence of anything in the record to establish the contrary, that such meats may be perishable."

In *United States* v. *American Aniline Products, Inc.*, 22 C. C. P. A. 380, T. D. 47399, the Court of Customs and Patent Appeals judicially noticed (page 388) "that dyes are of two general classes, natural and synthetic; also that synthetic dyes are divided into many groups or classes."

Natural cork and artificial, composition, or compressed cork are such common substances that we may take judicial notice of their nature and qualities. The facts with reference to these are easily demonstrated by a reference to the Summary of Tariff Information, 1929, prepared by the United States Tariff Commission for the use of the Committee on Ways and Means of the House of Representatives at the time the present tariff act was being considered by the Congress. On page 1941 thereof the following description of artificial, composition, or compressed cork appears:

Artificial, that is composition or compressed cork, is made from cork waste which has been ground, compressed, and baked in molds. The natural rosin in the cork acts as a binder, but other binding agents are also used. From slabs, blocks, and planks suitable for cutting into stoppers, disks, liners, or floats, other articles may be produced, such as gaskets, insoles, table mats balls and pen holders.

The Encyclopaedia Britannica (1947), under the heading of "Cork" says of composition cork products that they are "made of finely ground cork with a binder."

The foregoing, we are satisfied, are appropriate sources to which we may resort in aid of judicial knowledge. See *United States* v. *Best & Co., Inc., Bonwit Teller & Co.*, 24 C. C. P. A. 220, T. D. 48667, and cases cited therein.

We are of the opinion, therefore, that we may take judicial notice that there is a similarity of material between natural cork in sheets and artificial, composition, or compressed cork in the forms for which provision is made in paragraph 1511, above quoted. It is well-settled that a substantial similarity in one of the four elements named in the similitude provision is sufficient to support a classification by similitude. *United States* v. *Eckstein*, 222 U. S. 130, 56 L. ed. 125.

The protest claim for duty at the rate of 10 cents per pound under paragraph 1511 is therefore sustained, and judgment will issue accordingly.

46

COLE, Judge: I dissent from the reasoning and conclusion of the majority because of their application of the principle of "similitude," which is based on the statement "that we may take judicial notice that there is a similarity of material between natural cork in sheets and artificial, composition, or compressed cork in the forms for which provision is made in paragraph 1511, above quoted" (referring to that part of paragraph 1511 of the Tariff Act of 1930, providing for "cork, commonly or commercially known as artificial, composition, or compressed cork, in the rough and not further advanced than slabs, blocks, planks, rods, sticks, or similar forms").

Such an application of the doctrine of judicial notice is going too far for me to follow. None of the cases cited in the majority opinion seem to support an interpretation of "judicial notice" like that applied herein.

The statutory terms "artificial," "composition," and "compressed" imply a processing or treatment to make a particular quality or grade of cork, contemplated by the restricted scope of the quoted provision of paragraph.1511, *supra*, and it is fair to say that such a product may be substantially different in material, quality, texture, and use from natural cork wood like the merchandise under consideration. Whether or not merchandise is classifiable as one of the kinds of cork included in the above-mentioned provision, is a matter of definite proof. Plaintiff made no attempt to make the said provision applicable. No evidence was directed thereto, nor was it argued in counsel's brief. The question of judicial notice and classification under paragraph 1511, *supra*, by similitude, was not even remotely referred to in the testimony or in the briefs filed by the respective parties, but was injected for the first time in these proceedings by the majority opinion. The majority concede the absence of any proof on the matter of similitude by their language "There is no record evidence on this subject," but then add "we are satisfied that we may take judicial notice of the facts with respect to at least one of the elements of similitude; namely, material." It is with this view that I most earnestly differ.

*United States* v. *Eckstein*, 222 U. S. 130, 56 L. ed. 125, is cited by the majority to support the statement that "It is well-settled that a substantial similarity in one of the four elements named in the similitude provision is sufficient to support a classification by similitude." Certainly, there can be no disagreement with this sound finding. It is significant to note, however, that in the *Eckstein* case, *supra*, the court, speaking through Mr. Chief Justice White, reviewed the record with respect to its content dealing with the statutory elements, i. e., material, quality, texture, and use controlling tariff classification by similitude, and drew its conclusion, holding "substantial statutory similitude between cotton yarns enumerated in paragraph 302 [Tariff Act of 1897] and the merchandise in question, both as to

material and use," from record evidence on the subject. In the instant case, there is not a word of testimony dealing with any of the four elements of similitude. Consequently, there is nothing on which to base a similarity between the natural cork under consideration and the merchandise provided for in the provision of paragraph 1511, *supra*, invoked by the majority. As was stated in the brief for the Government in the *Eckstein* case, *supra*, quoted in the court's opinion, "* * * 'It is well established that the requirements of the similitude clause of section 7 are satisfied *if there be shown* a proper similarity in any one of the four particulars, material, quality, texture, or use,' enumerated in the section." [Italics mine.]

There is no dispute with the statement by the majority that "While the protest claim is not stated to be made under the similitude clause, nevertheless, this need not be pleaded. *United States* v. *Rice & Company*, 257 U. S. 536, 66 L. ed. 357." In the said *Rice* case, the parties agreed that the merchandise was dutiable at the appropriate rate by similitude, the only issue before the court being whether the similitude provision need be specially pleaded in a protest. The importance of the cited case to the present discussion is in its conclusion to the effect that finding resemblance between a nonenumerated article and one specifically provided for, sufficient to justify application of the similitude provision, is a question of fact.

At this juncture, it is of real interest to examine cases wherein the Supreme Court of the United States discussed the question of similitude for tariff purposes. Two of the leading cases on the subject are *Herrman* v. *Arthur*, 127 U. S. 363, and *Murphy* v. *Arnson*, 96 U. S. 131. In the former case, the court sustained a ruling of the lower court in admitting evidence on the question of similitude. The trial court did not take it upon itself to instruct the jury that similitude existed between the two classes of merchandise under consideration. If it had, there can be no doubt, from a reading of the decision of the Supreme Court, that there would have been a reversal, for the Court said "We are of opinion that the question of the similitude was one of fact, which should have been submitted to the jury, under proper instructions." In that case, there was considerable evidence on the question of similitude so that the jury, or even the court sitting as a court and jury, could intelligently pass upon the question, instead of traveling into the realm of conjecture to do so.

The *Murphy* v. *Arnson* case, *supra*, found that the "nitrobenzole" there under consideration did not resemble an essential oil within any of the statutory elements controlling classification by similitude. In reaching its conclusion, the court did not state, as the majority opinion in the instant case might expect, i. e., that without direct testimony on the subject the court would take judicial notice of what might have been offered in proof. On the contrary, the court very properly

weighed the evidence and concluded that "there is no evidence that the compound resulting bore any similitude in material quality or texture to either of its original elements, nor is there any thing in the nature of the subject to require us to believe that such was the fact. The evidence of the use to which it might be applied scarcely warrants us in holding that there was a similitude in that respect."

United States v. Downing, 201 U. S. 354, held merchandise to be classifiable by similitude as "carbons for electric lighting," but based such finding on undisputed facts from the record showing the carbon sticks in question were exclusively used for electric lighting.

Arthur v. Fox, 108 U. S. 125, citing with approval Stuart v. Maxwell, 16 How. 150, favorably invoked the similitude provision and held certain "velours, composed of cow or calf hair, vegetable fibre, and cotton," to be substantially like "a manufacture of goats' hair and cotton which is enumerated." The decision of the court was based on record evidence showing that the two classes of merchandise were used in the same manner, had the same appearance, frequently were called by the same name, and "are evidently of equal quality."

My purpose in reviewing the foregoing cases is to draw a comparison between the position taken by the majority in the present case and the attitude of the Supreme Court in its discussion of the similitude provision. Here, the majority apply the doctrine of judicial notice to invoke the similitude provision and classify the instant merchandise under the provision in paragraph 1511, supra, covering merchandise of which the court has no familiarity and concerning which there is not a scintilla of evidence herein. In all of the cited cases, classification by similitude was adopted or rejected from evidence of record in each particular case. As the Court of Customs and Patent Appeals has said on several occasions, "Similitude is a question of fact to be established by the evidence." (American Smelting & Refining Co. v. United States, 16 Ct. Cust. Appls. 46, T. D. 42718, and cases therein cited.)

I am in accord with the court's finding with respect to the character of the present merchandise and agree that it is cork wood, manufactured, for which there is no tariff provision directly covering such merchandise. It is, therefore, properly classifiable under paragraph 1558 of the Tariff Act of 1930, as a nonenumerated manufactured article, dutiable at 20 per centum ad valorem, as alleged by plaintiff. That claim in the protest should be sustained.

The majority reason that before classification may be had under paragraph 1558 "it is required that the similitude provision found in paragraph 1559 be exhausted," citing Isler & Guye v. United States, 11 Ct. Cust. Appls. 340, T. D. 39146. Said case, however, is authority for such procedure only where merchandise is "capable of classification" by similitude, a condition not disclosed by the record herein.